NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D. Ryan Jones,<br><br>        Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV-13-00813-PHX-SRB<br><br>**ORDER** |

    Petitioner, D. Ryan Jones, filed his Petition for Writ of Habeas Corpus raising two claims; 1) ineffective assistance of counsel; and 2) a due process violation when his sentence was enhanced without a factual basis. Petitioner's claim of ineffective assistance of counsel raised two arguments. He argued that counsel were ineffective in failing to investigate the alleged likelihood he suffers from Asperger's Syndrome and in failing to investigate his difficult childhood. Petitioner's claimed due process violation was an alleged illegal enhancement of his sentences without a factual basis that his conduct was "focused on, directed against, aimed at, or target[ed] a victim under the age of fifteen or required under the state's sentencing statute."

    The Magistrate Judge filed her Report and Recommendation recommending that the Petition be denied. She found no ineffective assistance regarding the alleged likelihood of Asperger's Syndrome because, even if there were some deficiency in counsel's investigation, Petitioner had not shown prejudice because his assertion of Asperger's Syndrome is speculative and he identified no evidence counsel would have

discovered with further investigation. Therefore, Petitioner failed to show the state court's resolution of this claim was contrary to or based on an unreasonable application of federal law or an unreasonable determination of the facts. The Magistrate Judge also found counsel were not ineffective for failing to investigate and present evidence of his traumatic childhood because Petitioner failed to identify any further mitigation information counsel might have uncovered with additional investigation. Therefore, the Petitioner failed to show that the state court's denial of this claim of ineffective assistance of counsel was contrary to or based on an unreasonable application of federal law or based on unreasonable determination of the facts.

On Petitioner's claim of a due process violation at sentencing, the Magistrate Judge found that, even if there was error any error was harmless because the error did not have a substantial injurious effect or influence on the sentences because the record contained sufficient evidence to support factual findings for the applicability of the sentencing enhancement.

Finally, the Magistrate Judge recommended denial of a Certificate of Appealability because Petitioner made no substantial showing of the denial of a constitutional right.

Petitioner's timely Objections to Magistrate's Report and Recommendation raise only two objections. Petitioner argues that the Magistrate Judge erred in concluding that the state Court of Appeals had applied to the *Strickland* standard to Petitioner's ineffective assistance of counsel claims and in finding that he failed to make a substantial showing of the denial of a constitutional right allowing a Certificate of Appealability.

The Court will overrule the objections because on *de novo* review of the record the Court agrees with the Magistrate Judge that the state appellate court applied the correct standard for ineffective assistance and that Petitioner has failed to make a substantial showing of the denial of his constitutional rights.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984), requires a petitioner to show that counsel's performance was objectively deficient and that deficient performance

1 prejudiced the petitioner. In addressing Petitioner's claims of ineffective assistance of 2 counsel the state Court of Appeals expressed the standard as follows: "Generally, '[t]o 3 state a colorable claim of ineffective assistance of counsel, a defendant must show both 4 that counsel's performance fell below objectively reasonable standards and that this 5 deficiency prejudiced the defendant.' *State v. Bennett,* 213 Ariz. 562, ¶21, 146 P.3d 63, 6 68 (2006)." (Doc. 9, Resp't Answer to Pet. for Writ of Habeas Corpus, Ex. L)

7 While the state court cited the Arizona Supreme Court's decision in *State v. Bennett* for the standard rather than *Strickland*, this is the *Strickland* standard as recognized by the Arizona Supreme Court in *Bennett*.

> To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant. *Strickland*, 466 U.S at 687, 104 S.Ct 2052. Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Id.*; *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).

*State v. Bennett*, 213 Ariz. 562 § 21, 146 P.2d 63, 68 (2006). Because the Arizona court applied the proper standard, Petitioner's objection is without merit and he has also failed to make a substantial showing of the denial of a constitutional right.

IT IS ORDERED overruling Petitioner's Objections to Magistrate's Report and Recommendation. (Doc. 13)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 12)

IT IS FURTHER ORDERED denying Petitioner's Writ of Habeas Corpus.

IT IS FURTHER ORDERED denying a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 27th day of June, 2014.

_____
Susan R. Bolton
United States District Judge